UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIMBERLY D. HANCOCK,

 Plaintiff,

v.

UNITED STATES OF AMERICA,

 Defendant.

Case No. 25-1045-JWB-BGS

### MEMORANDUM & ORDER GRANTING
### MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES and
### DENYING REQEUST FOR COUNSEL

This matter comes before the Court on Plaintiff Kimberly Hancock's (hereinafter "Hancock" or "Plaintiff") Motion to Proceed without Prepayment of Fees, which requests leave for Plaintiff to proceed *in forma pauperis* ("IFP"). Doc. 3, sealed. Plaintiff also filed a Motion for Appointment of Counsel. *See* Doc. 4. For the reasons set forth herein, Plaintiff's IFP application, Doc. 3, is **provisionally GRANTED** while her request for counsel, Doc. 4, is **DENIED**.

**I. Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

1

Based on the financial information provided by Plaintiff in her motion and affidavit of financial status, the Court believes Plaintiff has not provided sufficiently detailed information.[1] However, because of the Court's recommendation of dismissal, the Court will not require Plaintiff to provide additional information at this time but instead **provisionally GRANTS** her motion to proceed in forma pauperis (Doc. 3) pending any review by the District Court of the Report & Recommendation of Dismissal. Should Plaintiff's Complaint survive the undersigned's recommendation of dismissal, the undersigned will reevaluate the issue of requiring additional financial information. The Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

## II.   Request for Counsel.

There is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

When deciding whether to appoint counsel, the Court considers the following factors: (1) the merit of the party's claims; (2) the nature and complexity of the factual and legal issues; and (3) the party's capacity to prepare and present the case without the aid of counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court also considers whether the party can afford counsel and whether the party has made a diligent effort to retain an attorney. *Hasenbank v. Gronniger*, No. 20-4082-JTM-ADM, 2020 WL 8482984, at *1 (D. Kan. Dec. 21, 2020). Thoughtful

---

[1]Plaintiff leaves most of the financial affidavit blank and notes that she has a monthly take home income "from trust". She says "[d]ue to the nature of this action/suit, I am truly unable to answer these questions because I do not know." Doc. 3-1. If necessary, the Court will address these issues at a later date.

and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

The above factors weigh against appointing counsel. First, regarding the merits of Plaintiff's case, "[t]he burden is on the applicant to convince the court that there is sufficient merit to [their] claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). In a separate order, the undersigned recommended dismissal of Ms. Hancock's case because her complaint does not state a claim upon which relief may be granted. The Court incorporates that analysis by reference. Thus, the Court does not find that the Plaintiff has met her burden to show that there is sufficient merit to warrant the appointment of counsel.

Second, the Court must consider the nature and complexity of the factual and legal issues. Plaintiff's case centers around her being allegedly held in a facility as part of an "AI program." The complaint does not elaborate further, and she does not specify her exact claims. As such, it is difficult for the Court to evaluate the nature and complexity of the issues. However, because Ms. Hancock has not stated a viable claim, the Court cannot discern any complex issues that would benefit from the expertise of counsel. The District Judge will have little trouble discerning the applicable law and applying that law to the material facts alleged in this lawsuit. *See Sullivan v. WorkMarket*, No. 22-cv-2017-KHV-RES, 2022 WL 22893390, at *2 (D. Kan. Aug. 8, 2022) (using same analysis to reach same conclusion).

Third, the next factor the Court will consider is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the Plaintiff's ability to gather and present crucial facts as well as the complexity of the case. *Id.* at 1422. Merely alleging that counsel could assist in presenting the "strongest

3

possible case" does not justify granting such a motion. *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008). In her motion, she simply says that "T.C.K. refuses to provide me with funds for council [sic]." Doc. 4, at 3. Simply not having the funds to pay for counsel does not justify the appointment of counsel. Plaintiff has not presented any basis which shows she is incapable of preparing and presenting her case.

Finally, Plaintiff must show diligence in searching for counsel. She must show that she "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires the movant to confer with at least five attorneys, not merely contact them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021). Here, Plaintiff's motion indicates she has contacted three attorneys. The motion states that she contacted them between 2018 and 2024. Contacting three attorneys over a 6-year span does not amount to a diligent search for counsel.

Therefore, the Court finds that all the factors weigh against the appointment of counsel.

### III.   Conclusion

The Court finds that the Plaintiff may provisionally proceed without the prepayment of fees. But the Court may require additional information if the case survives the undersigned's recommendation of dismissal. Further, because the Court finds that all of the above factors weigh against appointing counsel, Plaintiff's motion to appoint counsel is **denied**.

**IT IS THEREFORE ORDERED** that Plaintiff's IFP motion, Doc. 3, is **provisionally GRANTED**. Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. 4, is **DENIED**.

**IT IS FURTHER ORDERED** that, because of the Court's contemporaneously filed Report & Recommendation of Dismissal, the Clerk shall <u>not</u> issue summons for service upon the Defendant at this time.

**IT IS SO ORDERED**.

Dated April 29, 2025, at Wichita, Kansas.

<u>/s/ B<small>ROOKS</small> S<small>EVERSON</small></u>
Brooks G. Severson
United States Magistrate Judge
