IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIMBERLY D. HANCOCK,

      Plaintiff,

v.                                                                Case No. 25-1045-JWB

UNITED STATES OF AMERICA,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on an April 29, 2025 Report and Recommendation ("R&R") by Magistrate Judge Brooks G. Severson recommending dismissal of Plaintiff's pro se complaint for failure to state a claim upon which relief can be granted. (Doc. 8.) Plaintiff received the R&R through the court's electronic filing system. She had 14 days from receipt of the R&R to file written objections to it, and if she did not timely file any objections, no court would allow appellate review of the recommended disposition. Plaintiff filed objections to the R&R within the 14-day period. (Doc. 9.)

However, Plaintiff failed to properly object to the R&R. "The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court …'." *Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (quoting *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). Here, Plaintiff does not address Magistrate Judge Severson's recommendations that her claim should be dismissed. Rather, Plaintiff raises new concerns about her First Amendment rights, (Doc. 9 at 1), Fourth Amendment rights, (*id.* at 1–2), Sixth Amendment rights, (*id.* at 2), and Eighth Amendment rights, (*id.*). She

1

also quotes the Ninth and Tenth Amendment, (*id*.), and includes two new requests: "Motion To Sever Platform B," and "Motion To Disclose the Procedure of Remedy." (*Id.* at 3.) Her requests are unclear and relate to the claim from her complaint about being forced into a government run artificial intelligence program. (Doc. 1 at 3–4.) Magistrate Judge Severson recommended dismissal of Plaintiff's claims because (1) she failed to assert any allegation against the United States of America, the sole Defendant, (Doc. 8 at 4), (2) Plaintiff failed to articulate any colorable cause of action, (*id.* at 5), and (3) the statute of limitations likely bars Plaintiff's 42 U.S.C. § 1983 claim. (*Id.* at 6.) Plaintiff made no attempt to specifically object to these findings.

The court has reviewed the R&R in conjunction with Plaintiff's complaint and, and the court agrees that Plaintiff has failed to state a claim because her complaint fails to make any allegations against the United States, the sole defendant named in this action. Furthermore, the balance of her complaint fails to articulate any colorable cause of action.[1]

**Conclusion**

Based on the foregoing, Plaintiff's complaint (Doc. 1) is hereby DISMISSED for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED. Dated this 30th day of May 2025.

       /s/ Judge John W. Broomes
      JOHN W. BROOMES
      UNITED STATES DISTRICT JUDGE

---

[1] The R&R includes further analysis related to the magistrate judge's assumption that Plaintiff may have been attempting to assert a claim under 42 U.S.C. § 1983, including the timeliness of such a claim with respect to the controlling statute of limitations. The court does not rely on that portion of the R&R inasmuch as Section 1983 addresses violations of federal rights by persons acting under color of state law, and would not seem to apply to claims made directly against the United States.